IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKFORD UNIVERSITY, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KAREN WALKER ("Walker" or Plaintiff), by and through her attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, ROCKFORD UNIVERSITY ("Rockford" or Defendant), states as follows:

## PARTIES

1. Walker is a resident of Rockford, Illinois.

2. Defendant is a private university doing business in Rockford, Illinois.

## JURISDICTION AND VENUE

3. The claims against Defendant are for discrimination based on race and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. Jurisdiction is conveyed upon this Court by virtue of 28 USC §1343 as these claims arises under the laws of the United States of America.

5. Venue is appropriate in the Northern District of Illinois, Western Division by virtue of 28 USC § 1391 as Plaintiff's residence and Defendant's place of business is located in this jurisdiction.

1

## COUNT I-
## RACE DISCRIMINATION

1-5. Plaintiff restates and re-alleges paragraphs 1 through 5 as fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Walker is African American.

11. Walker was hired by Defendant on or about August 2013 and currently holds the position of Dean of Student Support Programming.

12. Walker learned, after her request for a pay increase, that Deans at the Defendant were to receive a $10,000 stipend which non-African American Deans received and Walker did not.

2

13.     After exposing and addressing actions that undermined her leadership, Walker was assigned a discriminatory computer password by her employer that included the words "rambling rhino" which Walker finds racially offensive.

14.     Walker performs her job duties in a superior manner.

15.     Walker's performance is as good as, if not better, than that of other employees of Defendant as evidenced by her performance ratings, accolades, recognitions, and awards.

16.     At all times, Walker has been meeting the legitimate expectations of her employer as evidenced by her performance ratings, accolades, recognitions, and awards.

17.     Defendant made racially biased comments to Walker.

18.     When Walker complained to her supervisor she was informed that Defendant was "racist".

19.     That by the actions set out in this Complaint, Defendant subjected Walker to discrimination, harassment, hostile work environment and unequal terms and conditions of employment because of her race, African American, in violation of 42 U.S.C. § 2000e, *et seq*.

20.     As a result of Defendant's race based discriminatory conduct, Walker has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff KAREN WALKER prays for judgment against Defendant as follows:

A.  For an award of back pay in the amount of the stipend(s) received by the Deans at Defendant which Walker did not receive;

3

B. For an award of compensatory damages for Walker's emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Punitive damages;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

**COUNT II-
HOSTILE WORK ENVIRONMENT**

1-5. Plaintiff restates and re-alleges paragraphs 1 through 5 as fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination for hostile work environment based upon her race with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Walker is an African American female.

4

11. Walker was hired by Defendant on or about August 2013 and currently holds the position of Dean of Student Support Programming.

12. Walker learned, after her request for a pay increase, that Deans at the Defendant were to receive a $10,000 stipend which non-African American Deans received and Walker did not.

13. After exposing and addressing actions that undermined her leadership, Walker was assigned a discriminatory computer password by her employer that included the words "rambling rhino" which Walker finds racially offensive.

14. Walker performs her job duties in a superior manner as evidenced by her performance ratings, accolades, recognitions, and awards.

15. Walker's performance is as good as, if not better, than that of non-African American employees of Defendant.

16. At all times, Walker has been meeting the legitimate expectations of her employer.

17. Defendant made racially biased comments to Walker.

18. When Walker complained to her supervisor, she was informed that Defendant was "racist".

19. Defendant created/allowed a hostile work environment which led to the repeated violation of Walker's privacy, admitted by her colleague, and damaged her professional relationships.

20. Defendant failed to protect Walker or provide safety and retaliation-prevention protocols after Walker exposed illegal colleague behavior and colleague admitted "jealousy" and "anger" towards Walker.

5

21. That by the actions set out in this Complaint, Defendant subjected Walker to discrimination, harassment, hostile work environment and unequal terms and conditions of employment because of race in violation of 42 U.S.C. § 2000e, *et seq*.

22. As a result of Defendant's race based discriminatory conduct, Walker has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff KAREN WALKER prays for judgment against Defendant as follows:

A. For an award of back pay in the amount of the stipend(s) received by the Deans at Defendant which Walker did not receive;

B. For an award of compensatory damages for Walker's emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. Punitive damages;

D. For attorney's fees and costs of this suit; and

E. For such other and further relief as is just and equitable.

Respectfully submitted,

KAREN WALKER

By: s/Barry A. Gomberg
One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550